IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS RIVERA-MARRERO,

Plaintiff,

v.                                                  CIVIL NO. 14-1403 (CVR)

STEVE MORA,

Defendant.

**OPINION AND ORDER**

Defendant Steve Mora filed a "Motion to Dismiss Petition for Habeas Corpus as the Petition has Become Moot." (Docket No. 16). In essence, Defendant claims *pro se* Plaintiff Luis Rivera-Marrero was a federal prisoner confined at MDC Guaynabo who was released from custody on July 3, 2014. As such, Plaintiff's petition for habeas corpus requesting credit for time served (which was filed while he was imprisoned) is now moot. The Motion to Dismiss shows in the certificate of service that a copy of the motion was sent via certified mail to Plaintiff at his address at 1247 Barriada Coll y Toste, Arecibo, Puerto Rico 00612. However, since Plaintiff had failed to timely file a response to the Motion to Dismiss, an Order to Show Cause was issued on August 26, 2014. Plaintiff was granted twenty (20) days to show cause as to why this case should not be dismissed for the reasons explained in the Motion to Dismiss. Plaintiff was informed that failure to comply with the Order could entail imposition of sanctions and the granting of the Motion to Dismiss. The Clerk's Office was instructed to notify Plaintiff with a copy of this Order and of Docket Nos. 12, 13, 14, 15 and 16 (Docket No. 12 was returned as undeliverable) at 1247 Barriada Coll y Toste, Arecibo, Puerto Rico 00612.[1] (Docket No. 17)

On September 18, 2014, Plaintiff was belatedly notified of the above at his address inasmuch as he was not previously notified due to an oversight at the Clerk's Office.

---

[1] This is the address that appears in the BOP's inmate profile as Plaintiff's release destination. (Docket No. 16-1). It also appears as the address of Plaintiff's daughter. (Docket No. 8, pag. 5).

Luis Rivera-Marrero v. Steve Mora
Civil 14-1403 (CVR)
Opinion and Order
Page 2

The period of time for Plaintiff to show cause has expired without Plaintiff complying with the Court's Order, even though he was notified that failure to comply could imply the imposition of sanctions and the granting of the Motion to Dismiss, or requesting an extension of time to do so. Plaintiff has not filed an opposition to the Motion to Dismiss either.

Upon a review of Plaintiff's Complaint, the unopposed Motion to Dismiss and the documents attached thereto, the Motion to Dismiss is GRANTED for Plaintiff's relief, for illegal retention and confinement after having already extinguish his sentence and for credit of time already served, has become moot. [2] Plaintiff has been released from custody and he did not originally challenge the validity of the conviction nor the sentence. As there is no longer any available remedy that can be judicially awarded, Plaintiff's petition is moot. Fendler v. U.S. Bureau of Prisons, 846 F.2d 550 (9th Cir. 1988).

Consequently, Plaintiff Rivera-Marrero's Complaint for habeas corpus relief (Docket No. 2) is DISMISSED WITH PREJUDICE.[3]

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of October of 2014.

> s/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ-RIVE
> UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff challenged in his Complaint the manner in which the sentence was being carried out and not its lawfulness. (Docket No. 2, p. 8).

[3] It is important to note that Plaintiff Rivera-Marrero has filed this action *pro se*. Generally, courts show leniency when ruling upon dispositive motions involving *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 521 (1972); Instituto de Educación Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 23-24 (1st Cir. 2000); Pomeroy v. Ashburnham Westminster Regional School Dist., 410 F.Supp.2d 7, 9 (D.Mass. 2006). However, where the litigant has not complied with court orders or case management, a *pro se* litigant is at a disadvantage. See Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526-27 (1st Cir.2002) (dismissing action where *pro se* plaintiff failed to comply with court orders).